UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
www.flmb.uscourts.gov

In re:  Case No. 9:19-bk-00846
Chapter 13

Alia Fontes

**Debtors.**
_____/

## NOTICE OF FILING CHAPTER 13 PLAN

COMES NOW, the Debtor, Alia Fontes, by and through undersigned counsel and hereby gives notice that a Chapter 13 Plan, was filed with the Court on this 14th day of February, 2019.

### Certificate of Service

I HEREBY certify that a true and correct copy of a Chapter 13 Plan and a Notice of Chapter 13 Bankruptcy Case (Doc 6) was delivered to David Lawrence Center, 6075 Bathey Lane, Naples, FL 34116, Internal Revenue Service, Attn: Bankruptcy, PO Box 7346, Philadelphia, PA 19101-7346 and the addresses on the mailing list by electronic delivery and/or First Class mail and facsimile if indicated, this 14th day of February, 2019.

Trunkett Law Firm, LLC
2271 McGregor Blvd., Suite 300
Fort Myers, FL  33901
(239) 790-4529
Fax (239) 790-5404


s/s Joseph Trunkett
Joseph Trunkett
Florida Bar #999131

Mailing List
Creditor's Matrix

JON WAAGE, TRUSTEE                          UNITED STATES TRUSTEE
PO BOX 25001                                501 E POLK STREET, SUITE 1200
BRADENTON, FL  34206-5001                   TAMPA, FL  33602

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

IN RE:

Debtor(s)  Alia Fontes                                      CASE NO.: _____

# CHAPTER 13 PLAN

### A. NOTICES.

**Debtor must check one box on each line to state whether or not the Plan includes each of the following items. If an item is checked as "Not Included," if both boxes are checked, or if neither box is checked, the provision will be ineffective if set out later in the Plan.**

| Provision | Included | Not included |
|---|---|---|
| A limit on the amount of a secured claim based on a valuation which may result in a partial payment or no payment at all to the secured creditor. See Sections C.5(d) and (e). A separate motion will be filed. | ☐ | ■ |
| Avoidance of a judicial lien or nonpossessory, nonpurchase money security interest under 11 U.S.C. § 522(f). A separate motion will be filed. See Section C.5(e). | ☐ | ■ |
| Nonstandard provisions, set out in Section E. | ■ | ☐ |

### B. MONTHLY PLAN PAYMENTS.

**Plan payments include the Trustee's fee of 10% and shall begin 30 days from petition filing/conversion date. Debtor shall make payments to the Trustee for the period of 60 months. If the Trustee does not retain the full 10%, any portion not retained will be disbursed to allowed claims receiving payments under the Plan and may cause an increased distribution to the unsecured class of creditors**

1. $1,000.00 from months 1 through 3 ;
2. $2,000.00 from months 4 through 60 ;

### C. PROPOSED DISTRIBUTIONS.

#### 1. ADMINISTRATIVE ATTORNEY'S FEES.

**Base Fee** $4,500.00   **Total Paid Prepetition** $2,000.00   **Balance Due** $2,500.00

**MMM Fee** $1,800.00   **Total Paid Prepetition** $0.00   **Balance Due** $1,800.00

**Estimated Monitoring Fee at** $50.00 **per Month.**

**Attorney's Fees Payable Through Plan at** $400.00 **Monthly (subject to adjustment).**

---

☒ NONE     **2.**    **DOMESTIC SUPPORT OBLIGATIONS (as defined in 11 U.S.C. §101(14A)).**

☐ NONE     **3.**    **PRIORITY CLAIMS (as defined in 11 U.S.C. § 507).**

| Last 4 Digits of Acct. No. | Creditor | Total Claim Amount |
|---|---|---|
|  | Internal Revenue Service | $6,000.00 |

**4.**    **TRUSTEE FEES.** From each payment received from Debtor, the Trustee shall receive a fee, the percentage of which is fixed periodically by the United States Trustee.

**5.**    **SECURED CLAIMS.** Pre-confirmation payments allocated to secured creditors under the Plan, other than amounts allocated to cure arrearages, shall be deemed adequate protection payments. The Trustee shall disburse adequate protection payments to secured creditors prior to confirmation, as soon as practicable, if the Plan provides for payment to the secured creditor, the secured creditor has filed a proof of claim or Debtor or Trustee has filed a proof of claim for the secured creditor under § 501(c), and no objection to the claim is pending. If Debtor's payments under the Plan are timely paid, payments to secured creditors under the Plan shall be deemed contractually paid on time.

☐ NONE     **(a)**    **Claims Secured by Debtor`s Principal Residence Which Debtor Intends to Retain - Mortgage, HOA and Condo Association Payments, and Arrears, if any, Paid Through the Plan.** If the Plan provides for curing prepetition arrearages on a mortgage on Debtor's principal residence, Debtor will pay, in addition to all other sums due under the proposed Plan, all regular monthly postpetition mortgage payments to the Trustee as part of the Plan. These mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter. The Trustee shall pay the postpetition mortgage payments for Debtor's principal residence on the following mortgage claims:

|  | Last Four Digits of Acct. No. | Creditor | Collateral Address | Regular Monthly Payment | Gap Payment | Arrears |
|---|---|---|---|---|---|---|
| 1. | 8881 | Wilshire Lakes Master Assoc | 5007 Fairhaven Lane, Naples, FL | $138.00 | $138.00 | $8,245.65 |

☒ NONE     **(b)**    **Claims Secured by Other Real Property Which Debtor Intends to Retain - Mortgage Payments, HOA and Condo Association Payments, and Arrears, if any, Paid Through the Plan.** If the Plan provides to cure prepetition arrearages on a mortgage, Debtor will pay, in addition to all other sums due under the proposed Plan, all regular monthly postpetition mortgage payments to the Trustee as part of the Plan. These mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter. The Trustee shall pay the postpetition mortgage payments on the following mortgage claims:

| ☐ NONE | **(c) Claims Secured by Real Property - Debtor Intends to Seek Mortgage Modification.** If Debtor obtains a modification of the mortgage, the modified payments shall be paid through the Plan. Pending the resolution of a mortgage modification request, Debtor shall make the following adequate protection payments to the Trustee: (1) for *homestead* property, the lesser of 31% of gross monthly income of Debtor and non-filing spouse, if any (after deducting homeowners association fees), or the normal monthly contractual mortgage payment; or (2) for *non-homestead,* income-producing property, 75% of the gross rental income generated from the property. |
|---|---|

| | Last Four Digits of Acct. No. | Creditor | Collateral Address | Adequate Protection Payment |
|---|---|---|---|---|
| 1. | 9003 | Pacific Union Financial | 5007 Fairhaven Lane, Naples, FL | $1,500.00 |

| ■ NONE | **(d) Claims Secured by Real Property or Personal Property to Which Section 506 Valuation APPLIES (Strip Down).** Under 11 U.S.C. § 1322 (b)(2), this provision does not apply to a claim secured solely by Debtor's principal residence. **A separate motion to determine secured status or to value the collateral must be filed.** The secured portion of the claim, estimated below, shall be paid. Unless otherwise stated in Section E, the payment through the Plan does not include payments for escrowed property taxes or insurance. |
|---|---|
| ■ NONE | **(e) Liens to be Avoided Under 11 U.S.C. § 522 or Stripped Off Under 11 U.S.C. § 506.** Debtor must file a separate motion under § 522 to avoid a judicial lien or a nonpossessory, nonpurchase money security interest because it impairs an exemption or under § 506 to determine secured status and to strip a lien. |
| ■ NONE | **(f) Claims Secured by Real Property and/or Personal Property to Which Section 506 Valuation DOES NOT APPLY Under the Final Paragraph in 11 U.S.C. § 1325(a).** The claims listed below were either: (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of Debtor; or (2) incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value. These claims will be paid in full under the Plan with interest at the rate stated below. |
| ■ NONE | **(g) Claims Secured by Real or Personal Property to be Paid with Interest Through the Plan under 11 U.S.C. § 1322(b)(2).** The following secured claims will be paid in full under the Plan with interest at the rate stated below. |
| ■ NONE | **(h) Claims Secured by Personal Property - Maintaining Regular Payments and Curing Arrearage, if any, with All Payments in Plan.** |
| ■ NONE | **(i) Secured Claims Paid Directly by Debtor.** The following secured claims are being made via automatic debit/draft from Debtor's depository account and are to continue to be paid directly to the creditor or lessor by Debtor outside the Plan via automatic debit/draft. The automatic stay is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor as to these creditors and lessors upon the filing of this Plan. Nothing herein is intended to terminate or abrogate Debtor's state law contract rights. |
| ■ NONE | **(j) Surrender of Collateral/Property that Secures a Claim.** Debtor will surrender the following collateral/property. The automatic stay under 11 U.S.C. §§ 362(a) and 1301(a) is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor as to these creditors upon the filing of this Plan. |

| ◼ NONE | **(k)** **Secured Claims That Debtor Does Not Intend to Pay.** Debtor does not intend to make payments to the following secured creditors. The automatic stay is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor with respect to these creditors upon the filing of this Plan. Debtor's state law contract rights and defenses are neither terminated nor abrogated. |
|---|---|

**6.** **LEASES / EXECUTORY CONTRACTS.** As and for adequate protection, the Trustee shall disburse payments to creditors under leases or executory contracts prior to confirmation, as soon as practicable, if the Plan provides for payment to creditor/lessor, the creditor/lessor has filed a proof of claim or Debtor or Trustee has filed a proof of claim for the secured creditor/lessor under § 501(c), and no objection to the claim is pending. If Debtor's payments under the Plan are timely paid, payments to creditors/lessors under the Plan shall be deemed contractually paid on time.

| ◼ NONE | **(a)** **Assumption of Leases/Executory Contracts for Real or Personal Property to be Paid and Arrearages Cured Through the Plan.** Debtor assumes the following leases/executory contracts and proposes the prompt cure of any prepetition arrearage as follows. |
|---|---|
| ◼ NONE | **(b)** **Assumption of Leases/Executory Contracts for Real or Personal Property to be Paid Directly by Debtor.** Debtor assumes the following lease/executory contract claims that are paid via automatic debit/draft from Debtor's depository account and are to continue to be paid directly to the creditor or lessor by Debtor outside the Plan via automatic debit/draft. The automatic stay is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor as to these creditors and lessors upon the filing of this Plan. Nothing herein is intended to terminate or abrogate Debtor's state law contract rights. |
| ◼ NONE | **(c)** **Rejection of Leases/Executory Contracts and Surrender of Real or Personal Leased Property.** Debtor rejects the following leases/executory contracts and will surrender the following leased real or personal property. The automatic stay is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor as to these creditors and lessors upon the filing of this Plan. |

7.   **GENERAL UNSECURED CREDITORS**. General unsecured creditors with allowed claims shall receive a pro rata share of the balance of any funds remaining after payments to the above referenced creditors or shall otherwise be paid under a subsequent Order Confirming Plan. The estimated dividend to unsecured creditors shall be no less than  $0.00  .

**D.**   **GENERAL PLAN PROVISIONS:**

   1.   Secured creditors, whether or not dealt with under the Plan, shall retain the liens securing such claims.

   2.   Payments made to any creditor shall be based upon the amount set forth in the creditor's proof of claim or other amount as allowed by an Order of the Bankruptcy Court.

   3.   If Debtor fails to check (a) or (b) below, or if Debtor checks both (a) and (b), property of the estate shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise. Property of the estate

   ☐   (a) shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise, or

   ◼   (b) shall vest in Debtor upon confirmation of the Plan.

4. The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief and/or the proofs of claim as filed and allowed. Unless otherwise ordered by the Court, the Trustee shall only pay creditors with filed and allowed proofs of claim. An allowed proof of claim will control, unless the Court orders otherwise.

5. Debtor may attach a summary or spreadsheet to provide an estimate of anticipated distributions. The actual distributions may vary. If the summary or spreadsheet conflicts with this Plan, the provisions of the Plan control prior to confirmation, after which time the Order Confirming Plan shall control.

6. Debtor shall timely file all tax returns and make all tax payments and deposits when due. (However, if Debtor is not required to file tax returns, Debtor shall provide the Trustee with a statement to that effect.) For each tax return that becomes due after the case is filed, Debtor shall provide a complete copy of the tax return, including business returns if Debtor owns a business, together with all related W-2s and Form 1099s, to the Trustee within 14 days of filing the return. Unless otherwise ordered, consented to by the Trustee, or ordered by the Court, Debtor shall turn over to the Trustee all tax refunds in addition to regular Plan payments. Debtor shall not instruct the Internal Revenue Service or other taxing agency to apply a refund to the following year's tax liability. **Debtor shall not spend any refund without first having obtained the Trustee's consent or Court approval.**

E. **NONSTANDARD PROVISIONS as Defined in Federal Rule of Bankruptcy Procedure 3015(c).** Note: Any nonstandard provisions of this Plan other than those set out in this section are deemed void and are stricken.

1. Debtor will pay the Homeowner association fees coming due post bankruptcy filing directly to Wilshire Lakes Homeowners Association. Debtor is curing the arrears only in the Chapter 13 Plan.

## CERTIFICATION

**By filing this document, the Attorney for Debtor, or Debtor, if not represented by an attorney, certifies that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Model Plan adopted by this Court, and that this Plan contains no additional or deleted wording or nonstandard provisions other than any nonstandard provisions included in Section E.**

**SIGNATURE(S):**

Debtor(s)

/s/ Alia Fontes                                                                                                        Date  February 13, 2019

                                                                                                                             Date

<u>Attorney for Debtor(s)</u>

/s/ Joseph Trunkett                                                                              Date  February 13, 2019

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **Alia Fontes**<br>First Name   Middle Name   Last Name | Social Security number or ITIN  **xxx–xx–4861**<br>EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2<br>(Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN  _ _ _ _<br>EIN  _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court  **Middle District of Florida** | | Date case filed for chapter  **13**   **1/31/19** |
| Case number:  **9:19-bk-00846-FMD** | | |

Official Form 309I
# Notice of Chapter 13 Bankruptcy Case                          12/17

**For the debtors listed above, a case has been filed under chapter 13 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors, the debtors' property, and certain codebtors. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

Confirmation of a chapter 13 plan may result in a discharge. Creditors who assert that the debtors are not entitled to a discharge under 11 U.S.C. § 1328(f) must file a motion objecting to discharge in the bankruptcy clerk's office within the deadline specified in this notice. Creditors who want to have their debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office by the same deadline. (See line 13 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at www.pacer.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.**

**Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.**

| | | About Debtor 1: | About Debtor 2: |
|---|---|---|---|
| 1. | **Debtor's full name** | Alia Fontes | |
| 2. | **All other names used in the last 8 years** | | |
| 3. | **Address** | 5007 Fairhaven Lane<br>Naples, FL 34109 | |
| 4. | **Debtor's attorney**<br>Name and address | Joseph Trunkett<br>Trunkett Law Firm, LLC<br>2271 McGregor Boulevard, Suite 300<br>Fort Myers, FL 33901 | Contact phone 239-790-4529<br>Email: jtrunkettecf@gmail.com |
| 5. | **Bankruptcy Trustee**<br>Name and address | Jon Waage<br>P O Box 25001<br>Bradenton, FL 34206-5001 | Contact phone 941-747-4644 |
| 6. | **Bankruptcy Clerk's Office**<br>Documents in this case may be filed at this address.<br>You may inspect all records filed in this case at this office or online at www.pacer.gov. | 801 N. Florida Ave. Suite 555<br>Tampa, FL 33602-3899 | Hours open:<br>Monday – Friday 8:30 AM – 4:00PM<br>Contact phone 813-301-5162<br>Date: February 4, 2019 |

**For more information, see page 2**

Official Form 309I                    **Notice of Chapter 13 Bankruptcy Case**                    page 1

Debtor **Alia Fontes**                                                     Case number **9:19-bk-00846-FMD**

| | | |
|---|---|---|
| **7. Meeting of creditors**<br>Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend. Creditors may attend, but are not required to do so. You are reminded that Local Rule 5073-1 restricts the entry of personal electronic devices into the Courthouse. | **March 7, 2019 at 09:30 AM**<br><br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket.<br><br>**\*\*\* Debtor(s) must present Photo ID and acceptable proof of Social Security Number at § 341 meeting. \*\*\*** | **Location:**<br>**United States Courthouse Federal Bldg., 2110 First Street 2-101, Fort Myers, FL 33901** |
| **8. Deadlines**<br>The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. | **Deadline to file a complaint to challenge dischargeability of certain debts:**<br><br>**You must file:**<br>• a motion if you assert that the debtors are not entitled to receive a discharge under U.S.C. § 1328(f) or<br>• a complaint if you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4). | **Filing deadline: May 6, 2019** |
| | **Deadline for all creditors to file a proof of claim (except governmental units):** | **Filing deadline: April 11, 2019** |
| | **Deadline for governmental units to file a proof of claim:** | **For a governmental unit: 180 days from the date of filing** |
| | **Deadlines for filing proof of claim:**<br>A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be filed online at the Court's website at www.flmb.uscourts.gov, or obtained at www.uscourts.gov or at any bankruptcy clerk's office.<br>If you do not file a proof of claim by the deadline, you might not be paid on your claim. To be paid, you must file a proof of claim even if your claim is listed in the schedules that the debtor filed.<br>Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial.<br>**Attention Mortgage Holders:** Attachments to your Proof of Claim may be required by changes to Rule 3001. Forms and attachments are available at at www.uscourts.gov. | |
| | **Deadline to object to exemptions:**<br>The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection. | **Filing deadline:** 30 days after the *conclusion* of the meeting of creditors |
| **9. Filing of plan, hearing on confirmation of plan** | The plan will be sent separately. The initial confirmation hearing will be held on:<br>**May 2, 2019** at **01:30 PM**, Location: **Room 4-102, Courtroom E, United States Courthouse, 2110 First St., Fort Myers, FL 33901** |  |
| | Debtors and their attorneys are not required to attend the Initial Confirmation Hearing because, in most cases, the Initial Confirmation Hearing will be continued to a date after the deadline for filing proofs of claim. However, the Court will hear and may rule on motions and objections that are separately noticed for hearing for the same time as the Initial Confirmation Hearing.<br>Local Rule 5073-1 restricts the entry of electronic devices and mobile phones into the Courthouse. | |
| **10. Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadline in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. | |
| **11. Filing a chapter 13 bankruptcy case** | Chapter 13 allows an individual with regular income and debts below a specified amount to adjust debts according to a plan. A plan is not effective unless the court confirms it. You may object to confirmation of the plan and appear at the confirmation hearing. A copy of the plan, if not enclosed, will be sent to you later, if the confirmation hearing is not indicated on this notice, you will be sent notice of the confirmation hearing. The debtor will remain in possession of the property and may continue to operate the business, if any, unless the court orders otherwise. | |
| **12. Exempt property** | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors, even if the case is converted to chapter 7. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at www.pacer.gov. If you believe that the law does not authorize an exemption that debtors claimed, you may file an objection by the deadline. | |
| **13. Discharge of debts** | Confirmation of a chapter 13 plan may result in a discharge of debts, which may include all or part of a debt. However, unless the court orders otherwise, the debts will not be discharged until all payments under the plan are made. A discharge means that creditors may never try to collect the debt from the debtors personally except as provided in the plan. If you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4), you must file a complaint and pay the filing fee in the bankruptcy clerk's office by the deadline. If you believe that the debtors are not entitled to a discharge of any of their debts under 11 U.S.C. § 1328(f), you must file a motion. The bankruptcy clerk's office must receive the objection by the deadline to object to exemptions in line 8. | |
| **14. Voice Case Info. System (McVCIS)** | McVCIS provides basic case information concerning deadlines such as case opening and closing date, discharge date and whether a case has assets or not. McVCIS is accessible 24 hours a day except when routine maintenance is performed. To access McVCIS toll free call 1-866-222-8029. | |

Official Form 309I                                  **Notice of Chapter 13 Bankruptcy Case**                                  page 2

```
Label Matrix for local noticing        Alia Fontes                        (p)BB AND T
113A-9                                  5007 Fairhaven Lane                PO BOX 1847
Case 9:19-bk-00846-FMD                  Naples, FL 34109-0760              WILSON NC 27894-1847
Middle District of Florida
Ft. Myers
Thu Feb 14 17:04:19 EST 2019

(p)CAINE & WEINER COMPANY               Capital One                        Capital One Auto Finance
12005 FORD ROAD 300                     Attn: Bankruptcy                   Attn: Bankruptcy
DALLAS TX 75234-7262                    Po Box 30285                       Po Box 30285
                                        Salt Lake City, UT 84130-0285      Salt Lake City, UT 84130-0285


Capital One/Dress Barn                  CarMax Auto Finance                Credit One Bank
Attn: Bankruptcy                        Attn: Bankruptcy                   Attn: Bankruptcy
Po Box 30285                            Po Box 440609                      Po Box 98873
Salt Lake City, UT 84130-0285           Kennesaw, GA 30160-9511            Las Vegas, NV 89193-8873


Department of Revenue                   ERC/Enhanced Recovery Corp         Internal Revenue Service
PO Box 6668                             Attn: Bankruptcy                   P.O. Box 7346
Tallahassee, FL 32314-6668              8014 Bayberry Road                 Philadelphia, PA 19101-7346
                                        Jacksonville, FL 32256-7412


Kohls/Capital One                       LendingClub                        Midland Funding
Attn: Bankruptcy                        Attn: Bankruptcy                   2365 Northside Dr Ste 300
Po Box 30285                            71 Stevenson St, Ste 1000          San Diego, CA 92108-2709
Salt Lake City, UT 84130-0285           San Francisco, CA 94105-2967


Nissan Motor Acceptance                 Nordstrom FSB                      Pacific Union Financial
Attn: Bankruptcy Dept                   Attn: Bankruptcy                   1603 Lbj Fwy Ste 500
Po Box 660360                           Po Box 6555                        Farmers Branch, TX 75234-6071
Dallas, TX 75266-0360                   Englewood, CO 80155-6555


Pacific Union Financial                 Santander Consumer USA             Suncoast Cu
Attn: Bankruptcy                        Attn: Bankruptcy                   Attn: Bankruptcy
1603 Lbj Freeway, Suite 500             Po Box 961245                      Po Box 11904
Farmers Branch, TX 75234-6071           Fort Worth, TX 76161-0244          Tampa, FL 33680-1904


Suncoast Cu                             Synchrony Bank/Chevron             Synchrony Bank/Gap
Attn: Col 002                           Attn:  Bankruptcy Dept             Attn:  Bankruptcy Dept
Po Box 11904                            Po Box 965060                      Po Box 965060
Tampa, FL 33680-1904                    Orlando, FL 32896-5060             Orlando, FL 32896-5060


Synchrony Bank/Sams                     Synchrony Bank/TJX                 Target
Attn: Bankruptcy                        Attn:  Bankruptcy Dept             Target Card Services
Po Box 965060                           Po Box 965060                      Mail Stop NCB-0461
Orlando, FL 32896-5060                  Orlando, FL 32896-5060             Minneapolis, MN 55440


(p)WELLS FARGO BANK NA                  Wells Fargo Dealer Services        Wilshire Lakes Master Association, inc.
1 HOME CAMPUS                           Attn: Bankruptcy                   c/o James R. De Furio, P.A.
MAC X2303-01A                           Po Box 19657                       201 E. Kennedy Blvd., Suite 775
DES MOINES IA 50328-0001                Irvine, CA 92623-9657              Tampa, FL 33602-5882
```

| | | |
|---|---|---|
| United States Trustee - FTM7/13 7+<br>Timberlake Annex, Suite 1200<br>501 E Polk Street<br>Tampa, FL 33602-3949 | Jon Waage +<br>P O Box 25001<br>Bradenton, FL 34206-5001 | Joseph Trunkett +<br>Trunkett Law Firm, LLC<br>2271 McGregor Boulevard, Suite 300<br>Fort Myers, FL 33901-3314 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Bb&T<br>Attn: Bankruptcy<br>Po Box 1847<br>Wilson, NC 27894 | Caine & Weiner<br>Attn: Bankruptcy<br>Po Box 5010<br>Woodland Hills, CA 91365 | Wells Fargo Bank<br>Attn: Bankruptcy Dept<br>Po Box 6429<br>Greenville, SC 29606 |

End of Label Matrix
Mailable recipients    32
Bypassed recipients     0
Total                  32